Pennsylvania Mr. Stedgen and Mr. Hopkirk. Yes, good morning your honor. Whenever you're ready. May it please the court my name is Scott Stedgen and I represent the appellant Melissa Lee Rothermel and I would like to reserve four minutes for rebuttal. No problem, thank you. Thank you. As the court is fully aware from the briefing in this matter there are basically three issues on this on appeal. First is whether the warrant under which my client was arrested was valid and supplied probable cause. The second being whether or not the officers that arrested my client can be protected by qualified immunity and third whether the state police policy of stripping troopers of discretion to make this to not arrest individuals listed on the NCIC is constitutional or deliberately indifferent to my client's rights. Can I just ask a couple of some factual questions at the outset is is there any indication of how the city's errors got into the warrant in the first place? Yes, your honor. It came from the state police officer that completed the criminal complaint for a woman named Melissa Ann Rothermel in 2009. In that complaint he correctly spelled her first and middle name but then spelled my client's last name. He correctly added her address and her weight but then some reason he put my client's social security and driver's license number and date of birth in that complaint. He also listed the criminal defendant as a male for some reason and these errors get put into the the common court of common pleas criminal case management system and it gets replicated whenever there's a warrant issue. But I mean the thing that really threw me for a loop is I agree it seems like it was a clerical error back in 09 but then the sheriff's office interrogatory responses I think on the appendix page 330 states that your client Melissa Lee Rothermel told an investigator that she quote knew of close quote Melissa Ann Rothermel and that Melissa Ann was on her husband's side of the family. Is there any connection between these two? Absolutely not. I don't know where that came from and my client's testimony said that she did not know Melissa Ann Rothermel. It's not in the record but there are two Rothermel branches in Dauphin County Pennsylvania. One that spells with AR, one that spells their name with ER. Right. How is it that you contend that these technical or clerical errors somehow undermine the probable cause for the warrant when indeed there was probable cause was there not for the issuance of the warrant against Melissa Ann Rothermel? Yes Judge Wendell. There would be probable cause for a warrant that named Melissa Ann Rothermel. This warrant does not name Melissa Ann Rothermel. The warrant includes her first and middle name but includes a different last name. It includes her address but includes a different person's social security number and date of birth. What the warrant actually who the warrant names is not a live person at all. It's an amalgamation of two individuals and I believe it's clear under the fourth amendment that a warrant that does not name a individual is not valid unless there's something else in the warrant to let the officers know that it would be valid. Here it did not name either party and it had factual information that did not apply to either party. But there was a basis for the issuance of a warrant against Melissa Ann Rothermel. That is that is correct. There was a basis for a warrant just not this warrant. Right so on this warrant you're as I understand it that state troopers pull your client over and they get information that there's a warrant with a letter a letter difference in the first name a different middle name but the same social security number birth date and driver's license number. Is that right? Correct. So at that point at that point are the officers operating on a good faith that this warrant is valid? Well I don't think good faith is the test here. But it is could could they make that argument in good faith in good faith in good faith they relied on this warrant. I believe that's the I do not believe that that's all they're required to do. I believe that when there is a significant discrepancies between the warrant and the and the person in front of them. But that's not all they did. They called and asked if the warrant was still active and if the local sheriff wanted this individual. So they did more than just look at the warrant right? Well they called to see that the warrant was active and asked if the for whom the warrant was intended. The sheriff has no ability whatsoever to know whether they want the individual in front of the state police. The state police is the only party that can know can identify that individual and make a determination about whether or not that individual is listed on the warrant. The sheriff has no information whatsoever about that. So my my view is that the officers when confronted with a discrepancy they should be warned. They should have a warrant. What is your what is your best case for the proposition that there's an unconstitutional I mean there's a violation of our constitutional rights here? Berg versus County of Allegheny. But Berg is so distinguishable there it wasn't Berg. They they issued the warrant against the totally wrong person that there was no probable cause to there's no probable cause to arrest Melissa Lee Rothermill. The warrant here is as if you are saying that her last name and her social security and date of birth are part of the warrant which they are that it does not name her so there's no they cannot arrest her there's no probable cause. But the warrant was in the name of Melissa Ann Rothermill correct? That is correct but not Melissa Lee Rothermill who was arrested. Um and and the name Melissa Ann Rothermill in the warrant misspells her last name. It's a different last name. And the warrant also includes a includes the social security driver's license and date of birth of someone other than Melissa Rothermill. But includes Melissa Ann Rothermill's address. In that way it's like Berg. Where in Berg the intended arrestee was Gardner. Where the warrant clerk made an error and put Berg's name on the warrant but Gardner's address. The constable went to Gardner's house to execute the warrant and he wasn't and and it was an abandoned house so the constable called the number on the warrant which was Berg and he went there and he learned from Berg that this is not him. But he arrested him anyway. But isn't that isn't that a distinction with a difference? Berg gave him exculpatory information including documents. That wasn't the case here. What happened here is your client said you got the wrong person. And in in Berg he had quite a bit of evidence suggesting that they actually had the wrong person. Well in here well one difference is in Berg they have the warrant. In here the officers never requested the warrant. They only had the NCIC hit. Here my client presented evidence through herself that she weighed a hundred pounds more than the person listed on the warrant. Number one. And number two if the officers requested the warrant they would have seen that Melissa Ann Rothamil never lived at the address that is listed for Melissa Lee Rothamil and they could have searched in their in their computers the address listed in the warrant and found out there is a Melissa Ann Rothamil alive and the picture is there and it does not match who's in front of us. Is that what officers are obligated to do at the scene? I'm sorry your honor? Is that what officers are obligated to do at the scene? I believe when they are confronted with some questions significant questions as to whether the warrant is is applies to the individual they have to do more than just say the NCIC says and the warrant is not expired which is what they do when they call the sheriff is ask if it's expired. Could you comment on the custom and policy of the obviously if there's no constitutional violation there's no Monell claim but what's the policy you say that violates constitutional rights? The policy is that the state police strips troopers of any discretion when executing a warrant listed on the NCIC database so long as the warrant is deemed active. They cannot look into the questions about identity if the significant issue identity is raised. Isn't the police officer here officer Cooper Gurbich really between a rock and a hard place? There's a remarkable number of Melissa Lee's identifiers on this warrant that was somehow screwed up way back when. It includes her birthday, her social security number, her driver's license number. If you're Gurbich what in the world are you supposed to do other than what he did do? Take a minute. Do not rush. Take a minute and conduct a rudimentary investigation by at least requesting the warrant. There's no exigency here. If you look at the cases your honor that that addresses whether a state police officer can arrest someone based upon a warrant that was invalid they include exigency. Look at Capone. It's where there was a bulletin that went out saying this person kidnapped. They named it correctly and said this person kidnapped somebody. So the officer said there was no liability because there was exigency here there. There's no exigency here. This is a woman who was driving in a minivan with her 10-year-old daughter back on from a shopping trip. Every question they asked she answered. She gave them their social security card when they asked for it. She had a 10-year-old in the car which they took from the car and asked her, is there anybody in the area you know we can just drop her off at? And the reason why he did not wait for even her husband to come was because his shift was ending. He could have took a second. He could have said let me look into this. Let me talk to my dispatcher. But what he did notice that the middle name was different. He calls the dispatcher to request confirmation. The dispatcher, he advised the dispatcher of the discrepancy. The dispatcher sent a message to the sheriff's office which confirmed the warrant and said tell Gurbich to take the subject to prison. And so they try to make sure that they don't leave her daughter abandoned. I'm having trouble figuring out what more Gurbich could have done. I mean yes, could he have done more? Yes. But what reasonably is expected of him that's more? I don't know if I would have done anything differently than what he did. Well your honor, I believe that when he's faced with, if he got the warrant, if he asked dispatcher to confirm the warrant, he would have seen that the addresses were different. That the phone numbers were different. There's a hundred pound difference in weight. That was a four-year-old. Those weights were four years apart, weren't they? I mean that's possible. Yeah, but it is a factor to consider. Not many people gain a hundred pounds in four years. It's a factor. It's not just social. The socials, the driver's license number, and the birth date, those don't change. And those are all the same, right? Correct. But something was wrong. He knew that something, he should have known that something was wrong. When you have a different middle name, a massive difference in ways, different address, different phone number, something was wrong. He did, he obviously did know something was wrong and he did some checking. He did not check, your honor, respectfully. He called the dispatcher and he basically, you can just imagine the conversation, hey I got, I got somebody, I've stopped for a traffic violation and I got a different middle name. Can you check it out for me? And back to the very beginning of our conversation, is it all goes back to what was put into the system back in 2009, which had nothing to do with any of the parties, either the dispatcher or Gurbach or anyone else. It was a string of clerical errors, but resulting in substantial similarity between, of the parties, because there was a big mess up years before, six years before. Yes, your honor. Respectfully, I believe that if the officer actually had the warrant, as opposed to relying on the NCIC system, none of this would have happened. He would have seen the difference in address and the phone number. He would have looked up the address in his car system and this never would have happened. It's this reliance on that as police rely on technology, they have corresponding responsibilities and additional reliance means additional responsibilities. And that's my argument here, your honor, is when there was a distinction between what was in front of them and what was on the NCIC system, they should have requested the warrant. They should have done a little bit more than what they did. As soon as this issue was raised to a district attorney, he immediately realized something was wrong and he got, and Melissa Leibovitz was released from the prison the same day. Mr. Gurbach and Mr. Miller, who actually did have the warrant, should have done something more. She was released 45 hours later, right? It took them 45 hours to say, we got to release this woman. The police were all, the police didn't have the luxury of a 45 hour window to do any kind of more due diligence. Respectfully, your honor, the police did not look into this at all. The only reason why he was released was because a state senator called the district attorney. The state senator, for my client, found out about it through her boss and called the district attorney. The police did not pick up a finger to do anything to look into this. It was all extra judicial that this happened. District attorneys heard from the state senator, looked at it, oh my gosh, something is wrong, let's get her out. But there's another, you know, the errors from 09 are one thing. But compounding that was the happenstance of this being on the Monday of President's weekend and so many other things that could have occurred or might have occurred normally didn't occur. Just so many things, you know, went wrong, if you will. Received the hearing within 72 hours if it wasn't President's Day weekend. But 72 hours is still a significant deprivation of her liberty that I believe the police have more responsibility to Let's go back to Judge Rendell's question about the Monell claim, as it were. What on the record supports a practice and pattern of deliberate indifference other than the DOJ report? Well, they have admitted that this is a policy, okay? So you want to talk about the pattern of practice of deliberate indifference. I do not have evidence on pattern and practice. What I have is this policy, I believe, is basically violates federal law, which, you know, in the U.S. v. Leon, the court has said that there are times that a warrant would not come, that it's unreasonable for an officer to rely on a probable cause determination for a judge. And in those times, the officer needs to do more. The Supreme Court in the U.S. v. Leon said that. So I believe that this one violates those principles, that there are things that need to look at beyond just the warrant. So calling the dispatcher and verifying that the county sheriff said this is a good warrant, that's not enough? No, because all they're asking from the county sheriff is that whether the warrant is still active. They're not asking if this person is the person listed in the warrant or if there was some sort of latent error in the warrant that caused this. They're asking, has this warrant been pulled because the judge has pulled this warrant? That's all they're doing. That's a requirement of NCIC system, that no one can do an arrest without checking with the agency that put the warrant into the NCI system. So it wasn't like he went beyond any requirement. That was the requirement, check to make sure it's still active. But he didn't do anything more. The answer why is that we're not allowed to do more according to our policy. And Tupper Miller said to Melissa Rothermill, I'm sorry, my hands are tied. We need to, judge said, settle this. I can't do anything, even if, you know, being confronted with contrary evidence. Can you imagine what would have happened if he had let somebody off, let them go? And it turns out that was a very significant criminal. I mean, he's just, again, comes down to what would a reasonable officer have done there? Unless there's any further questions of my colleagues, we've now gone about 17 minutes. I know we have you back with at least four minutes on rebuttal. Anything further from my colleagues on this right now? Okay. Why don't we hear from Mr. Hopkirk and then we'll get you right back on rebuttal. Thank you. May it please the court. My name is Howard Hopkirk. I'm a senior deputy attorney general with the Pennsylvania Office of Attorney General. I represent Pennsylvania State Police Troopers David Gerberich and Matthew Miller and State Police Commissioner Robert Ivancic in his official capacity. There is no question that the arrest of Melissa Lee Rothermill was the result of a number of mistakes by law enforcement. However, Troopers Gerberich and Miller had nothing to do with providing information for the warrant or issuing the warrant. You argue that the Baker case of the Supreme Court from 79 is controlling, but isn't that case a bit off point? The plaintiff there did not argue that the warrant was invalid or that the officer lacked probable cause. Instead, he challenged only the sheriff's conduct after the arrest under the 14th Amendment's due process. That seems to be quite different from what we have here. So I think obviously Baker and Berg neither are completely on all fours with this point, but I think Baker is more analogous. In that case, the brother of the plaintiff used his brother's name and address and all his identifying information and verified that information and that was put in the warrant. In this case, the true suspect verified that information. In Berg, I think as it was alluded to, the information in the warrant itself was contradicted by facts presented to the constable. He had a driver's license, which was incompatible with being on parole in that case. He had papers showing that his probation was over. In this case, while there's confusion over the name and the weight, none of would show an officer that the underlying charges in the warrant were invalid. Let me ask you this. Do we need to get the qualified immunity or could we decide this on a good faith, the officer's good faith reliance on the warrant? I think you can decide it on a good faith reliance on the warrant. Otherwise... That has to do with the exclusionary rule. Good faith is a concept with the exclusionary rule, not with constitutionality as such. Is it not? Well, it is, Your Honor, but here the officers taking the totality of the circumstances, taking the information from the warrant, could reasonably believe that they had probable cause to arrest. Well, that's a qualified immunity test, is it not? I'm confused here. How do you find good faith relevant? Well, if the officers had more information, which would actually show that there wasn't probable cause, that it wasn't the right individual, then you couldn't say they had a good faith basis to use the warrant, but that's not what the facts are. And officers don't have a requirement to conduct the most thorough information. I mean, they basically can either release Mrs. Rothermel or place her under arrest. They don't have the time to do an independent investigation. And if they do that, you're saying officers shouldn't rely on warrants at all. Because if we go back later and say the warrant wasn't justified, you're on the hook. And well, if we go back and find you had probable cause, you didn't need the warrant anyway. I mean, what's the value in having warrants if you can't place any reliance on them? In connection with qualified immunity, wasn't the right issue clearly established under Berg in our circuit? We held there that an erroneously executed warrant does not provide probable cause for an arrest, even if the warrant facially appears valid. So again, I would say that it's distinguishable on its facts. I would also note that in Berg, this court did not actually... Okay. I mean, that's a conclusion and you may be right. It's distinguishable on its facts. How so? Well, I think as I was speaking to earlier, the constable completely disregarded executory information regarding the driver's license of the person being arrested, regarding papers that showed that he was not on parole. And he had a financial incentive to disregard that information. Whereas the troopers here, they're just doing their job. They don't get a bonus for arresting more people. But the argument essentially is the officers here could have done more to verify Melissa Lee's identity. I mean, they could have searched to see if there was a real person who was Melissa Ann Rothermel. They could have pulled that person's driver's license. In other words, the argument is they should have done something beyond just call the dispatcher. And I think the test is always what do the officers know in deciding that there's probable cause. There is never a requirement that, well, if you had done a more full investigation, you would have found something different. It's not in my brief, but the Orsatti versus New Proposition. What do you make of counsel's argument that the officers should have done more should have just requested the actual warrant? To me, it seems like for an officer on patrol trooper garbage did as much as he reasonably could do. He cannot conduct a full investigation of of of this from his squad car. And I also I mean, he did call his dispatcher, Dauphin County, which is the body which was ultimately responsible for this arrest warrant was contacted and they said, this is valid. Go ahead and arrest her and take her to Dauphin County Prison. I will note she was in their custody for only 90 minutes or less, and it was Dauphin County which had her for days. Did I answer your question? Yeah. What about the district court didn't address the failure to train or deliberate indifference claim on the merits because it found that there was no underlying constitutional claim. But let's assume for the moment and obviously you're not going to agree with that, but let's just assume that we were to disagree with that. What would the best course be for us to do? Would we remand or what? I think I think you could still affirm the there's just no evidence of repeated violations of this kind, even if it were a violation. And there's certainly no reason to NCIC would cause a bad result in most cases. So the idea that this, even if it was a policy, that it would be a bad policy, would not be justified. And I think the court could affirm that. Okay. My colleagues have any further questions? No, no. Okay. Thank you very much, Mr. Hopper. Thank you. We'd ask for you to affirm. Yes, sir. Mr. Sajan. Yes, quickly. Thank you, Your Honor. I just want to respond to my opposing counsel's statement on not requiring officers to look at anything beyond what is in front of them. That is just not true under this circuit's precedent. In Berg, in Harvard versus Seth Nellis, and in Goodwin, this court has said that you must look at both what they had in front of them, the police officer, and information to which they had reasonable access. And in Berg, the court also said that you have to look at whether or not the individual is a public threat or a threat of flight. And that's one of the facts that this court in Berg has remanded on and said, please look at that issue. And that goes to the handing it over to opposing counsel. If the individual was a threat, then it would be a problem. But the police officer should have looked at what the underlying crime was. And here it was stealing cable from four years ago, or from 2009, stealing cable. That is not a threat. Officer Gerbich testified that he did not see her as a flight risk and that she was not a reason but for the fact that her social security and driver's license and date of birth were on a warrant for someone else that he arrested her. I also wanted to talk about Baker a bit in response to co-counsel. The facts that he is trying to distinguish are all the facts on qualified immunity, not on the issue of whether the warrant is valid. There is nothing to distinguish it here in Baker with this case on whether the warrant is valid. This case is just where an erroneous issue warrant, even if it is valid, does not provide probable cause. This is not a case about an invalid warrant, but this is a case where the wrong person was arrested on a valid warrant. That is just not true. This warrant was not valid. It does not name her. I think it is a clear rule in this circuit and beyond that if the warrant does not name somebody, there has to be something else on the warrant that identifies them. Here, it did not name Melissa and the other information relates to Melissa Lee unless besides the address and phone number. Finally, I am not asking for the officers to do a full investigation. I am asking for the officers to get the warrant. In every one of these cases, we talk about the warrant. In this case, it is about the NCIC hit, which does not have all information on a warrant. If it had the warrant, it would lead to other things that would cause them to discover very quickly that this is not the right person. The warrant has the address of the offender. The warrant has the phone number of the offender. Isn't that why you called the dispatcher saying I have a problem here? I have a discrepancy. Can somebody help me out? The dispatcher never looked at the warrant. All they do is look at if the warrant control number is still active, meaning that the warrant is still in the system. That county ultimately was sued as well, right? Correct. And that settled out, correct? Right. So, where on the record do we have any information about how accessible the actual warrant was to the police officers on the highway? I believe in Trooper Gerbich's testimony, he said that he could talk to his dispatcher about the warrant. And I also know that before a trooper commits an individual to the custody of the police, they get the warrant. The warrant in can see this in appendix 397. The first is the order from the judge. The second page is the affidavit, the return that needs to be signed by the officer committing them. And the third page is all the descriptive information on the warrant. The officer saw this descriptive information. Melissa Lee, my client, was with him and said, look at the address. The address is not me, Trooper Miller. The phone number, it's not me. I did not do any of this. And he said, let a judge figure it out. My hands are tied. And then when asked, why didn't you request anything more? He said, well, we will get in trouble if we request pictures or anything else about criminal defendants. Any further questions of my colleagues? No, thank you. All right. Thank you to both counsel for a well-presented argument and we'll take the matter under advisement.